UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:09CR209

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | **CONSENT ORDER AND** |
| v.  ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| DONALD EUGENE BESS,  ) | |
| ) | |
| Defendant.  ) | |

**BASED UPON** the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, **IT IS HEREBY ORDERED THAT:**

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

   **The real property at 408 E. Tennessee Avenue, Bessemer City, North Carolina 28016, more particularly described in a Deed recorded in Gaston County Register of Deeds Book 4220 Page 1663;**

   **Any and all currency and monetary instruments that were involved in the crimes alleged in the Bill of Information, including the sum of $549,789 in proceeds and funds involved in the violations.**

2. The Internal Revenue Service and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described specific property.

3. A forfeiture money judgment in the amount of $549,789 and an order of forfeiture of the specific property identified above shall be included in the sentence of the Defendant and the United States Department of Justice may take steps to collect the judgment from any property of the Defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p).

4. Pursuant to Fed. R. Crim. P. 32.2(c)(1), to the extent that this Order constitutes a money judgment, this Order shall constitute a final money judgment and no ancillary proceeding or further final order of forfeiture will be necessary. To the extent that this Order constitutes an

order for forfeiture of specific property, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specific property, and shall publish notice of this forfeiture as required by law.

5. Any person, other than the Defendant, asserting any legal interest in the specific property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest.

6. Following the Court's disposition of all timely petitions filed, a Final Order and Judgment of Forfeiture shall be entered as to the specific property. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specific property, and shall dispose of the specific property according to law.

In addition, the parties advise the Court that they **STIPULATE AND AGREE AS FOLLOWS:**

1. The assets identified herein constitute property derived from or traceable to proceeds Defendant's crime(s) herein, constitute or are traceable to property involved in Defendant's crime(s) herein or are substitute properties, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c).

2. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant.

3. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If the Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

4. In exchange for an agreement by Defendant that he will sign this Consent Order, refinance his real properties, forfeit $250,000 in funds to the Government on or before December 20, 2010, and forfeit the real property at 408 East Tennessee Avenue, the Government will refrain from pursuing the remaining real properties identified in the Government's Motion for Money Judgment and Preliminary Order of Forfeiture (Dkt. 11). However, in the event that Defendant does not deliver to the Government and consent to forfeit $250,000 in funds on or before December 20, 2010, Defendant agrees that the Government will be free to move this Court to forfeit the remaining real properties identified in the Government's Motion for Money Judgment and Preliminary Order of Forfeiture. By signing this Consent Order, the Government withdraws its Motion for Money Judgment and Preliminary Order of Forfeiture and its Reply (Dkt. 15) and the Defendant withdraws his Response (Dkt. 14). However, the Government reserves the right to, at a later date, renew the Motion in the event that Defendant does not comply with the terms set forth in this paragraph. The parties agree that the net proceeds of the

liquidation of any specific properties forfeited should be credited as payments towards the outstanding $549,789 forfeiture money judgment.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED 10/21/10
Assistant United States Attorney

_____
DONALD EUGENE BESS
Defendant

_____
JIM R. FUNDERBURK, ESQ.
Attorney for the Defendant

Signed this the 26 day of Oct, 2010.

_____
ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE