UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:09CR209

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SECOND CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| DONALD EUGENE BESS, ) | |
| ) | |
| Defendant. ) | |

**BASED UPON** the Defendant's plea of guilty and the $549,789 money judgment set forth in a Consent Order and Judgment of Forfeiture (Dkt. 18) already entered in this case, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, **IT IS HEREBY ORDERED THAT:**

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

**Funds in the amount of $250,000 turned over by Defendant to the Internal Revenue Service, such funds forfeited as a substitute res for the real properties previously identified in the Government's Motion for Money Judgment and Preliminary Order of Forfeiture (Dkt. 11) and known as the 11th Street Apartments in Bessemer City, North Carolina, the 13th Street Apartments in Bessemer City, North Carolina, and 801 South 8th Street, Bessemer City, North Carolina.**

2. The Internal Revenue Service and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described specific property.

3. Pursuant to Fed. R. Crim. P. 32.2, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specific property, and shall publish notice of this forfeiture as required by law.

4. Any person, other than the Defendant, asserting any legal interest in the specific property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest.

5. Following the Court's disposition of all timely petitions filed, a Final Order and Judgment of Forfeiture shall be entered. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specific property, and shall dispose of the specific property according to law.

6. The assets identified herein constitute property derived from or traceable to proceeds Defendant's crime(s) herein, constitute or are traceable to property involved in Defendant's crime(s) herein or are substitute properties, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c).

7. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant.

8. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If the Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

In addition, the parties advise the Court that they **STIPULATE AND AGREE AS FOLLOWS:**

1. The parties previously reached an agreement, set forth in the first Consent Order and Judgment of Forfeiture signed by the Government, Defendant, and defense counsel. Specifically, the Government agreed that, in exchange for an agreement by Defendant that he would consent to forfeiture of the real property at 408 East Tennessee Avenue, Bessemer City, North Carolina and timely deliver $250,000 in funds to the Government in lieu of all other real properties identified in the Government's Motion for Money Judgment and Preliminary Order of Forfeiture (Dkt. 11), the Government would refrain from pursuing for forfeiture all real properties, except for 408 East Tennessee Avenue, identified in the Motion.

2. The parties now agree that, by tendering $250,000 to the IRS in a timely manner as required by the first Consent Order and by signing this Second Consent Order, Defendant has fulfilled his forfeiture obligations as to the real properties identified in the Motion, the Government will not pursue for forfeiture the real properties, other than 408 East Tennessee

Avenue, and the $250,000 should be credited towards the outstanding forfeiture money judgment against Defendant.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
JIM R. FUNDERBURK, ESQ.
Attorney for the Defendant

Signed this the 31 day of May, 2011.

_____
ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE

3